*U.S. Department of Justice*

*United States Attorney
Southern District of New York*

*The Silvio J. Mollo Building
One Saint Andrew's Plaza
New York, New York 10007*

April 28, 2019

**BY CM/ECF**

Honorable Sidney H. Stein
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

     **Re:** *United States v. Bryan Duncan, et al.*, **S1 18 Cr. 289 (SHS)**

Dear Judge Stein:

     The Government respectfully submits this letter in response to the defendants' oppositions to one of the Government's motions *in limine*. On April 15, 2019, the Government moved *in limine* to preclude the defendants from eliciting testimony or offering evidence that, on some occasions, the defendants recruited patients who had legitimate slip and fall accidents. (Dkt. No. 95 at 12-14.) At trial, the Government does not intend to argue that every single individual who the defendants obtained litigation financing for and transported to legal and medical appointments had a staged accident (or had no accident at all). Thus, evidence of legitimate accidents outside the scope of the conspiracy (or evidence that the defendants acted in accordance with the law on other occasions) is irrelevant to the allegations set forth in the Superseding Indictment. *See United States v. Scarpa*, 913 F.2d 993, 1011 (2d Cir. 1990).

     The defendants oppose this motion, and argue that they should be allowed to introduce evidence "surrounding each of the victims' accidents to whom [they] provided assistance," Dkt. No. 104 at 2, and evidence that "all of the cases [they] were involved in were legitimate cases," Dkt. No. 108 at 4. The defendants further argue that they should be allowed to present evidence of "cases with the same doctors, lawyers and funding companies that are not the subject of this indictment but occurred at or about the same time period as charged in the indictment." The defendants' arguments go too far. To the extent the defendants seek to introduce evidence that they worked with other clients during the time period charged in the conspiracy, these clients must have used the same doctors, lawyers, and funding companies that *are* the subject of this indictment, and must also involve the same types of accidents (trip and falls on cracked concrete, cellar doors, etc.) and the same types of injuries (knee, shoulder, and lower back). Clients who do not fall within these confines are irrelevant to the charges in this case and evidence about them should be precluded.

     In order to give the Government sufficient opportunity to move to preclude any such irrelevant evidence, the Government respectfully requests that this Court order the defendants to

provide the Government with the names of any such patients the defense will seek to call at trial or otherwise introduce evidence about through other witness testimony or exhibits, by this Monday, April 29, 2019.  Such notice will ensure that the Government has adequate time to move to preclude the testimony of such witnesses at trial.  The Government has sought to provide the defendants with similar notice about which patients it will call to testify at trial—the Government provided an initial list on April 14, 2019, and has since provided several updated supplemental lists.

          Respectfully submitted,

          GEOFFREY S. BERMAN
          United States Attorney

    by:   /s/
          Nicholas Folly
          Alexandra Rothman
          Nicholas Chiuchiolo
          Assistant United States Attorneys
          (212) 637-1060/2580/1247

cc:  all counsel of record (by ECF)