UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

               Plaintiff,

    v.

RYAN RAINFORD,

               Defendant.

18-Cr-289 (SHS)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

    Defendant Ryan Rainford moves for a reduction in his sentence under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). (Def.'s Mot., ECF No. 321.) Because Rainford has failed to show "extraordinary and compelling reasons" warranting a reduction, 18 U.S.C. § 3582(c)(1)(A)(i), and because a reduction would be inconsistent with the factors set forth in 18 U.S.C. § 3553(a), defendant's motion is denied.

    On May 28, 2019, Rainford was convicted at a jury trial of conspiracy to commit mail and wire fraud pursuant to 18 U.S.C. § 1349. From 2012 to 2018, Rainford acted as a recruiter, and later a manager, in massive trip-and-fall fraud schemes operating in New York City. (*See* Sentencing Tr. at 19:12, ECF No. 19; Presentence Investigation Report (PSR) ¶ 17.) For years, defendant recruited indigent, often homeless individuals to stage accidents outside business locations and to have unnecessary surgeries. The surgeries were not only unneeded, but they would at times result in long-term physical harm, solely so that the defendants could profit off fraudulent lawsuits filed on behalf of the victims. (PSR ¶ 21.) In January 2020, this Court sentenced Rainford to 68 months' incarceration and three years' supervised release, a downward variance of over eight years from his Sentencing Guidelines range of 168 to 210 months. (*See* Sentencing Tr. at 19:12-14.)

    Rainford began serving his sentence at FCI Fort Dix in New Jersey on February 21, 2020. He has served approximately eight months — barely 10% — of his sentence, and his projected release date is January 28, 2025. On October 14, defendant filed a pro se motion for compassionate release with this Court. (Def.'s Mot. at 1.)

    As a threshold matter, it is unclear whether Rainford has exhausted his administrative remedies with the Bureau of Prisons as required by 18 U.S.C. § 3582(c)(1)(A). Rainford's pro se motion represents that he concurrently sent a petition for release to FCI Fort Dix Warden David Ortiz (Def.'s Mot. at 3), but he has not

represented that this petition was rejected or that he otherwise exhausted his administrative rights.

Though this Court is not authorized to order a sentence reduction without administrative exhaustion, it finds in any event that Rainford is ineligible for compassionate release on the merits. The compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A), carves out one of the "few narrow exceptions" to the "rule of finality" mandating that a district court not alter a sentence once imposed. *Freeman v. United States*, 564 U.S. 522 (2011). In order to qualify for this "narrow exception," a defendant must show both that "extraordinary and compelling reasons exist" warranting a reduction, and that a reduction would not be inconsistent with the application of the 18 U.S.C. § 3553(a) sentencing factors. Rainford meets neither criterion.

First, Rainford fails to allege any particularized characteristics, beyond the general dangers of COVID-19, that comprise "extraordinary and compelling reasons." "Numerous courts," including this Court, "have found that the risks posed by the pandemic alone do not constitute extraordinary and compelling reasons for release." *United States v. Nwankwo*, No. 12-Cr-31 (VM), 2020 WL 2490044, at *1 (S.D.N.Y. May 14, 2020); *see also United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 4573029, at *1 (S.D.N.Y. Aug. 7, 2020). Though advanced age, serious health conditions, or other individual risk factors may contribute to such a showing, Rainford is merely 31 years old and demonstrates no such "extraordinary and compelling" individual factors.

Additionally, the section 3553(a) factors "weigh heavily against a sentence reduction here." *Davis*, 2020 WL 3790562, at *4. The nature and circumstances of Rainford's offense are serious. As described above, Rainford not only defrauded numerous business owners and insurance companies through litigations seeking damages for the staged trip-and-fall accidents; he did so by preying on the needy, forcing indigent "patients" to undergo medically unnecessary procedures for his own personal profit and that of his co-defendants. These surgeries, which could even include spinal fusions, carried substantial medical risks, and at least one patient almost died during her needless surgery. (*See* PSR ¶ 53.)

Moreover, a sentence reduction would fail to "reflect the seriousness of the offense," provide "just punishment," or "afford adequate deterrence." 18 U.S.C. 3553(a)(2)(A)-(B). Rainford has served just eight months of his 68-month sentence, a sentence that already represented a "substantial variance from the guideline range of 168 to 210" months (Sentencing Tr. at 19:13-14.) Allowing Rainford compassionate release after less than a year would hardly provide just punishment, nor reflect the severity of the harm defendant and his co-defendants inflicted on both business owners and insurance companies, as well as the weak and vulnerable "patients."

Accordingly, IT IS HEREBY ORDERED that Rainford's motion for compassionate release is denied on the grounds that no extraordinary and compelling reasons exist for his release and the section § 3553(a) factors weigh against a sentence reduction. The Clerk of Court shall mail a copy of this Order to Mr. Ryan Rainford [85592-054], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640, and note the mailing on ECF.

Dated: New York, New York
October 27, 2020

SO ORDERED:

_____
Sidney H. Stein, U.S.D.J.